UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No: 15-80986-CIV-ZLOCH

DARLA HYMAN,

    Plaintiff,

v.

STATE OF FLORIDA, DEPARTMENT
OF CHILDREN AND FAMILIES,

    Defendant.

_____/

## *AMENDED* COMPLAINT

Plaintiff, DARLA HYMAN (hereinafter, "Plaintiff"), by and through her undersigned attorney hereby files this Amended Complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure and sues Defendant, STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES, (hereinafter "DCF" or "Defendant") as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violation(s) of Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), the Americans With Disabilities Act (ADA), and the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §12101 *et seq*.

2. This Court has jurisdiction over this matter as each claim, individually, demands damages in excess of Fifteen Thousand Dollars ($15,000), exclusive of costs and interest.

3. Plaintiff is and was, at all relevant times, a resident of Palm Beach County, Florida, over the age of 18.

1

4. Plaintiff is a member of a class protected under the FCRA, ADA, and ADAAA in that she is a person with a disability as defined by those Acts.

5. Further, Plaintiff is person who practices Judaism and was denied her right to practice her religion during the course of her employment.

6. Plaintiff is a member of a class protected under the FCRA and Title VII because she complained of discrimination to Defendant and was terminated thereafter.

7. Defendant is an agency of the State of Florida, organized and existing in the county of Palm Beach which operated the location at 2051 Martin Luther King Jr. Blvd., Suite 200, Riviera Beach, FL 33404 which employed Plaintiff.

8. Plaintiff was at all times relevant a full-time employee of Defendant in Palm Beach County, Florida

9. At all relevant times, Defendant was Plaintiff's employer and employed no less than 15 or more employee for each of 20 or more work weeks in the current or preceding year.

10. Defendant is accordingly an employer as defined by the FCRA, Title VII, ADA, and the ADAAA.

11. Plaintiff alleges causes of action for violations of the FCRA, Title VII, ADA, and the ADAAA as a result of the adverse treatment to which Defendant subjected Plaintiff, Defendant's dismissal of Plaintiff from employment, and Defendant's failure/refusal to reasonably accommodate Plaintiff.

12. The violations complained of herein occurred in Palm Beach County, Florida, and as such venue is proper in this Court.

13. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 17, 2014, claiming discrimination based on disability, religion, and retaliation.

14. Plaintiff's Charge of Discrimination was dual filed with the Florida Commission of Human Relations ("FCHR"), the state equivalent of the EEOC.

15. The FCHR has taken no action or issued any determinations with respect to Plaintiff's Charge of Discrimination.

16. More than 180 days have passed since the filings of the Plaintiff's Charge of Discrimination.

17. Plaintiff received a Notice of Right to Sue from the EEOC on February 12, 2015. That Notice was misplaced by Plaintiff's counsel and several written requests for a copy thereof have been made to the EEOC. However, in order to preserve Plaintiff's rights in this case, Plaintiff has filed this within the 90-day period without the Notice attached but will supplement upon receiving the same.

18. Plaintiff accordingly exhausted all her administrative remedies prior to initiating the instant suit.

**GENERAL ALLEGATIONS**

19. Defendant is an agency of the State of Florida and operates multiple locations throughout the state.

20. Plaintiff was continuously employed by Defendants from March 14, 2008 through December 19, 2013. At the time of her termination, Plaintiff held the title of Economic Self-Sufficiency Specialist I (ESSI). At all times, Plaintiff was employed in a full-time capacity and was issued a W-2 by Defendants for each year for which she was employed.

21. As an ESSI, Plaintiff was charged with assessing and processing applications for individuals who have applied for, or were receiving, state public assistance funds.

22. In August 2013, Plaintiff requested, and was approved for, medical leave—either through Family and Medical Leave Act or through DCF's own internal policies—for her own serious health condition, to wit: irritable bowel syndrome (IBS).

23. Plaintiff apparently exhausted her leave on or about October 29, 2013. However, Plaintiff still had severe IBS and exhibited symptoms thereof. Specifically, Plaintiff experienced severe abdominal pain and bouts of diarrhea and needed to use the bathroom frequently as a direct result of her IBS diagnosis.

24. As a result, Plaintiff continued to see her physician who requested in a note supplied to DCF that Plaintiff be permitted to take leave until she was reevaluated on or about November 29, 2013. This request was submitted to DCF and was apparently approved.

25. Plaintiff was scheduled to come back to work on or about November 30, 2013 and did return to work.

26. On December 2, 2013, Plaintiff supplied DCF with a note from her doctor requesting that she be permitted to have frequent bathroom breaks and be permitted to telecommute where possible.

27. On or about December 6, 2013, Plaintiff received a letter from Dennis Miles, Regional Managing Director, stating that Plaintiff was going to be dismissed from her position with DCF no earlier than December 16, 2013. In that letter, Defendant stated that Plaintiff was charged with "poor performance."

28. On December 16, 2013, Plaintiff attended a hearing regarding her impending dismissal. At the hearing, Plaintiff explained that she was diagnosed with IBS, of which her

supervisor(s) were well aware. In fact, Plaintiff supplied her supervisors with several notes from her doctor outlining her specific requests; not only for leave, but also for accommodations such as frequent bathroom breaks and for her desk to be moved closer to a bathroom.

29. These accommodation requests were made in writing and sent to Plaintiff's supervisors on several occasions.

30. Defendant denied Plaintiff's requests for reasonable accommodations set forth in ¶ 26, *supra*.

31. Plaintiff was terminated for alleged "poor performance" on or about December 16, 2013.

32. Prior to her termination, Plaintiff was not previously disciplined and was not advised of her risk of termination until receipt of the letter on December 6, 2013.

33. Defendant's alleged reason(s) for Plaintiff's termination are pretextual as Plaintiff was in fact terminated from employment with Defendant as a result of her condition(s) within weeks of her reasonable requests for accommodations.

## COUNT ONE: HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA

34. Plaintiff reasserts her allegations in paragraphs 1–33, above, as if fully re-written herein.

35. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer:
    (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

36. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer

regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

37. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, and Defendant's failure to accommodate, all as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

38. Defendant, moreover, failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a reasonable accommodation by Plaintiff which would not have imposed an undue hardship on Defendant and which would have enabled Plaintiff to perform the essential functions of her position.

39. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

40. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's probation and termination, and/or its failure/refusal to reasonably accommodate Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of

having such a handicap/disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff, and/or Defendant's failure/refusal to reasonably accommodate Plaintiff.

41. As a result of the discriminatory conduct to which Plaintiff was subjected and Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

42. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff DARLA HYMAN requests judgment against Defendant as follows:

   a) an award of economic damages including lost wages, back pay, interest, front pay (or reinstatement), and the value and/or economic impact of lost benefits/seniority as permitted by law;

   b) injunctive relief;

   c) declaratory judgment;

   d) compensatory damages;

   e) attorney's fees and costs; and

   f) any other award this Court deems necessary.

**COUNT TWO:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RELIGION/RELIGIOUS ACCOMMODATION)**

43. Plaintiff re-avers and re-states paragraphs 1–21; 31–33, above, as though the same were fully re-written herein, and says:

44. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 because Plaintiff was discriminated against on the basis of her religion.

45. It was well known to Defendant and Plaintiff's supervisor, Debbie Ellis, that Plaintiff was Jewish.

46. In August 2013, Plaintiff made a request to have off from work for observance of Rosh Hashanah in September 2013.

47. Plaintiff's request was denied by Defendant/Ellis and Defendant considered Plaintiff's absence for this religious holiday to be "unauthorized."

48. Upon information and belief, Ellis did not treat non-Jewish employees in the same manner. To wit: non-Jewish individuals were permitted to take an authorized day off for Christmas.

49. Defendant did not give a reason for its refusal to permit Plaintiff off from work for this observance.

50. Ellis, at all times relevant to this action, acted on behalf of Defendant as Plaintiff's supervisor, and acted within the scope of her duties.

51. Defendant's stated reason(s) for denial of Plaintiff's religious accommodation pretextual.

52. As a direct and proximate result of Defendant's willful actions, Plaintiff has suffered emotional distress and other compensatory and actual damages, and has been compelled to retain the services of counsel to represent her on this matter.

8

53. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

WHEREFORE, Plaintiff DARLA HYMAN requests judgment against Defendant as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay (or reinstatement), and the value and/or economic impact of lost benefits/seniority as permitted by law;

b) injunctive relief;

c) declaratory judgment;

d) compensatory damages;

e) attorney's fees and costs; and

f) any other award this Court deems necessary.

## COUNT THREE:
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

54. Plaintiff reasserts her allegations in paragraphs 1–33, above, as if fully re-written herein.

55. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

56. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity to wit: digestion; and/or Plaintiff's record of having such disability.

57. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

58. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

59. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

60. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff DARLA HYMAN requests judgment against Defendant as follows:

    a)    reinstatement to her formerly held or equivalent position as permitted by law;

    b)    reinstatement of benefits/seniority from the date of termination;

    c)    injunctive relief;

    d)    declaratory judgment;

    e)    attorney's fees and costs; and

    f)    any other award this Court deems necessary.

## COUNT FOUR: FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE ADA AND ADAAA

61. Plaintiff incorporates herein the allegations contained in paragraphs 1–33, inclusive, as though same were fully re-written, and says:

62. Plaintiff is disabled as she suffers from IBS which is an impairment which substantially limits one or more major life activities; to wit: digestion.

63. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a ESSI with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

64. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested that she have extended time off from work between October and November 2013, as well as frequent bathroom breaks and telecommuting. This request was reasonable and would not have caused Defendant undue hardship.

65. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

66. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to reinstatement of her formerly held position (or its equivalent) and reinstatement of her benefits/seniority.

WHEREFORE, Plaintiff DARLA HYMAN requests judgment against Defendant as follows:

a)  reinstatement to her formerly held or equivalent position as permitted by law;

b)  reinstatement of benefits/seniority from the date of termination;

    c)      injunctive relief;

    d)      declaratory judgment;

    e)      attorney's fees and costs; and

    f)      any other award this Court deems necessary.

### COUNT FIVE:
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON RELIGION)

67. Plaintiff re-avers and re-states paragraphs 1–21; 31–33, above, as though the same were fully re-written herein, and says:

68. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Defendant refused to grant Plaintiff's religious accommodation request.

69. It was well known to Defendant and Plaintiff's supervisor, Debbie Ellis, that Plaintiff was Jewish.

70. In August 2013, Plaintiff made a request to have off from work for observance of Rosh Hashanah in September 2013.

71. Plaintiff's request was denied by Defendant/Ellis and Defendant considered Plaintiff's absence for this religious holiday to be "unauthorized."

72. Upon information and belief, Ellis did not treat non-Jewish employees in the same manner. To wit: non-Jewish individuals were permitted to take an authorized day off for Christmas.

73. Defendant did not give a reason for its refusal to permit Plaintiff off from work for this observance.

74. Ellis, at all times relevant to this action, acted on behalf of Defendant as Plaintiff's supervisor, and acted within the scope of her duties.

75. Defendant's stated reason(s) for denial of Plaintiff's religious accommodation pretextual.

76. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, front pay (or reinstatement), and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff DARLA HYMAN requests that:

a) an award of economic damages including lost wages, back pay, interest, front pay (or reinstatement), and the value and/or economic impact of lost benefits/seniority as permitted by law;

b) injunctive relief;

c) declaratory judgment;

d) compensatory damages;

e) attorney's fees and costs; and

f) any other award this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff, DARLA HYMAN, hereby demands trial by jury on all counts so triable contained herein.

Dated: August 24 2015.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 990-6923 (Telephone)
(855) 423-5298 (Facsimile)

By: **/s/ Lindsay Marie Massillon**
CHARLES M. EISS, Esq.
Fla. Bar #612073
ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com

**CERTFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of August, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Lindsay Marie Massillon
LINDSAY MARIE MASSILLON, ESQUIRE

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
*Hyman v. State of Florida, Dept. Children & Families*
CASE No: 15-80986-CIV-ZLOCH


Charles M. Eiss, Esq. (FBN: 612073)
Email: ceiss@icelawfirm.com
Lindsay Marie Massillon, Esq. (FBN: 92098)
Email: lmassillon@icelawfirm.com
**LAW OFFICES OF CHARLES EISS, P.L.**
7951 SW 6th Street, Suite 308
Plantation, FL 33324
Tel: (954) 990-6923
Fax: (855) 423-5298

Attorneys for Plaintiff

James O. Williams, Jr., Esq.
FBN: 0614513
Email: pwilliams@wlclaw.com
          eService@wlclaw.com
Philip B. Wiseberg, Esq.
FBN: 27233
Email: pwiseberg@wlclaw.com
**WILLIAMS, LEININGER & COSBY, P.A.**
11300 U.S. Highway One, Suite 300
North Palm Beach, FL 33408
Tel: 561-615-5666
Fax: 561-615-9606

Attorneys for Defendant
Method of Service: CM/ECF Notice