```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                 CASE NO. 15-80986-CIV-ZLOCH
```

DARLA HYMAN,

       Plaintiff,

                                       **O R D E R**

vs.

STATE OF FLORIDA, DEPARTMENT OF
CHILDREN AND FAMILIES.

       Defendant.
_____/

    THIS MATTER is before the Court upon Defendant's Motion To Strike Reference To Florida Civil Rights Act (DE 37). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    By prior Order (DE 23), the Court dismissed Counts I and II of the Amended Complaint (DE 13), which raised claims under Florida law. By the instant Motion (DE 37), Defendant asks this Court to strike certain references to Florida law made in the "Jurisdiction and Venue" section of the Amended Complaint.

    Federal Rule of Civil Procedure Rule 12(f) allows the Court to strike from a pleading any matter that is "redundant, immaterial, or impertinent." Fed. R. Civ. P. 12(f). However, the Court is mindful that "a motion to strike is a drastic remedy that is disfavored by the courts." Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004). The granting of such a motion is normally based on the prejudice that the material to be stricken causes the moving party. See id. The Court finds that

the content of Plaintiff's Amended Complaint (DE 13) does not prejudice the rights of Defendant.  The Court notes that it is perfectly capable of discerning between allegations in the Amended Complaint relating to claims that have been dismissed and those that have not.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** Defendant's Motion To Strike Reference To Florida Civil Rights Act (DE 37) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this      17th      day of December, 2015.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

2